PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
CAMERON L. DESMOND
Assistant U. S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:23-MC-00073-WBS-DB |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $98,037.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or about January 18, 2019, agents with the Drug Enforcement Administration ("DEA") executed a federal search warrant at Rick Glenn Vardell's ("Vardell" or "claimant") residence located at 1305 Country Club Road, Olivehurst, CA and seized Approximately $98,037.00 in U.S. Currency (hereafter the "defendant currency").  Agents also arrested Vardell that day at Vardell's AC & Heating business located at 241 Garden Highway, Yuba City, CA pursuant to a federal arrest warrant for charges related to the distribution of a controlled substance.  During his arrest, agents searched Vardell and found $3,903.00 in cash in his pants pocket.  Vardell was then transported to his residence in Olivehurst, CA.

2. The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about April 4, 2019, the DEA

received a claim from Vardell asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on August 26, 2018, Vardell sold 399 hydrocodone pills for $3,000 to a DEA Confidential Source ("CS") outfitted with an audio recorder and transmitter.  The white, capsule-shaped pills with the imprint A/40 contained hydrocodone and acetaminophen.

4. The United States represents that it could further show at a forfeiture trial that on September 10, 2018, Vardell sold the same CS 590 hydrocodone pills for $2,950.  The CS was outfitted with an audio recorder and transmitter during the transaction.  The transaction occurred inside Vardell's residence at 1305 Country Club Drive, Olivehurst, CA.  During the transaction, Vardell said that he received the pills as rent payment for the properties he rents out.  Vardell instructed the CS how to make the most money from reselling the pills.  He counseled the CS not to sell them in bulk, because doing so drives down the price.  Vardell said that he would be getting more pills in the future, but that the pills would be yellow in color.  The white, capsule-shaped pills, with imprints A/40 and G037 contained hydrocodone and acetaminophen.

5. The United States represents that it could further show at a forfeiture trial that on December 20, 2018, Vardell sold the same CS 1,000 hydrocodone pills for $6,000.  The CS was outfitted with an audio recorder and transmitter during the transaction. The transaction occurred inside Vardell's residence at 1305 Country Club Drive, Olivehurst, CA.  The pills were divided into ten clear plastic bags, each containing 100 pills.  Vardell told the CS during the transaction that he would be getting more pills the following week that would be yellow in color.  The white, capsule-shaped pills, with imprints H10/325 and G037 contained hydrocodone and acetaminophen.

6. The United States represents that it could further show at a forfeiture trial that on January 18, 2019, law enforcement executed a search warrant at Vardell's residence at 1305 Country Club Drive, Olivehurst, CA. During the search, agents found a safe or safety deposit box hidden behind a fake brick wall in a fireplace in the master bedroom.  The safe was unlocked with a key that was on the key ring in the possession of Vardell at his time of arrest.  Inside the safe were several clear plastic bags containing over 1,000 yellow pills with the imprint of V on one side and 36/01 on the other, $98,037.00 in cash (the defendant currency), and approximately 200 dosages of anabolic steroids.  The defendant currency was

separated into rubber banded stacks.  The yellow, capsule-shaped pills with imprints V 36/01 were found to contain hydrocodone and acetaminophen.  In the same room, agents found a Smith and Wesson revolver under the pillow on the bed.  The revolver was loaded with seven rounds.  In the closet was another firearm and more steroids.  Agents also located 170 pounds of processed marijuana, marijuana processing and packaging materials, and 70 marijuana plants inside the property.  Agents found a total of 27 firearms at the residence.

7. On January 24, 2019, an Indictment was filed in the Eastern District of California charging Rick Glenn Vardell with Distribution of Hydrocodone in violation of 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute Hydrocodone in violation of 21 U.S.C. § 841(a)(1), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1).  The Indictment contained a general Forfeiture Allegation, and an *Amended* Bill of Particulars was filed on June 27, 2019, that included the defendant currency, among other assets.  The United States and Vardell entered into a plea agreement wherein he agreed to sign a Stipulation for Consent Judgment of Forfeiture forfeiting his right, title, and interest in the defendant currency.

8. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

9. Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency.  Vardell acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

10. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

11. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

12. The parties herein desire to settle this matter pursuant to the terms of a duly executed

Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, all right, title, and interest of Rick Glenn Vardell in the Approximately $98,037.00 in U.S. Currency, plus all accrued interest, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimant waived the provisions of California Civil Code § 1542.

4. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

5. All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED

Dated:  February 13, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE